**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WALLACE RICE,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 1:CV-04-1658** |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **SMITH, Warden, United States** | : | |
| **Penitentiary-Lewisburg,** | : | |
| **Defendant.** | : | |

## MEMORANDUM and ORDER

**I.    Background**

Plaintiff, Wallace Rice, an inmate at the United States Penitentiary in Lewisburg ("Lewisburg"), Pennsylvania, commenced this pro se action with a Bivens[1] civil rights complaint (Doc. No. 1). Named as Defendant is Lewisburg Warden "Mr. Smith". Plaintiff is challenging the conditions of his confinement at Lewisburg, and he claims that he is "being 'double-bunked' in a cell originally designed to house one inmate . . . ." (Doc. No. 1 at 1.) For relief, he asks the Court to: "(1) Issue an injunction declaring the prison cells in 'A-Block' unconstitutionally unfit and too small in size for two inmates; (2) Issue an injunction declaring that all cells in 'A-Block' house a single inmate because the design and structure is for one person; (3) Declare unconstitutional the practice of double celling inmates in 'A-Block' as barbaric, cruel and unusual punishment in violation of the Eighth Amendment; and (4) Issue an injunction declaring that inmates over the age of sixty[-]five (65) with medical problems should be housed in a single cell." (Doc. No. 1 at 3.)

Presently pending is Defendant's motion to dismiss Plaintiff's complaint. (Doc. No. 13.) Defendant filed a brief in support of the motion, Plaintiff filed a document (Doc. No. 15), which the Court construes as a brief in opposition, and the motion is now ripe for disposition. For the reasons set forth below, Defendant's motion will be denied.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

**II.     Discussion**

    **A.  Motion to Dismiss Standard**

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true. White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents. See Angstadt v. Midd-West School Dist., 377 F.3d 338, 342 (3d Cir. 2004). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). However, the Court is mindful that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

    **B.  Governmental Immunity**

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), based upon a contention that he is entitled to sovereign immunity. Claims against the United States and its agencies that seek monetary damages for constitutional violations must be dismissed for lack of subject matter jurisdiction. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. U.S. v. Navajo Nation, 537 U.S. 488, 502 (2003). Pursuant to the Administrative Procedures Act, 5 U.S.C. § 701 et seq., the United States has waived immunity in suits that seek only injunctive relief. 5 U.S.C. § 702. This waiver does not apply "where such action 'is committed to agency discretion by law.'" New Jersey v. United States, 91 F.3d

463, 470 (3d Cir. 1996) (quoting § 701(a)(2)).  However, since Plaintiff asserts that his conditions of imprisonment violate the Eighth Amendment prohibition against cruel and unusual punishment, this Court has jurisdiction to hear Plaintiff's claims; the Bureau of Prisons does not have the discretion to decide whether or not to abide by constitutional protections.

Moreover, sovereign immunity would only shield Defendant in his official capacity as an agent of the Federal Government.  Plaintiff has clarified that his suit is filed "against Warden, Joseph V. Smith, in his individual capacity" as well as his official capacity as Warden of Lewisburg.  (Doc. 15 at 3.)  Accordingly, viewing the record in a light most favorable to Plaintiff, the Complaint is not barred by sovereign immunity and Defendant's motion to dismiss will be denied.

**III.**     **Order**

**AND NOW,** this 30th day of September, 2005, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss (Doc. 13) Plaintiff's complaint is **DENIED**.

     S/ Yvette Kane  
     YVETTE KANE  
     United States District Judge