IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALLACE RICE, | : | CIVIL NO. 1:CV-04-1658 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| MR. SMITH, | : | |
| Defendant | : | |

**M E M O R A N D U M**

**I.   Background**

Wallace Rice, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this pro se Bivens[1] civil rights complaint on July 28, 2004.  Named as the sole Defendant is USP-Lewisburg Warden "Mr. Smith."  Plaintiff has paid the required filing fee in this matter.  In the complaint, Plaintiff challenges the conditions of his confinement claiming that he is "being 'double-bunked' in a cell originally designed to house one inmate . . . ."  (Doc. 1 at 1.)  Plaintiff asks the Court to "(1) Issue an injunction declaring the prison cells in 'A-Block' unconstitutionally unfit and too small in size for two inmates; (2) Issue an injunction declaring that all cells in 'A-Block' house a single inmate because the design and structure is for one person; (3) Declare unconstitutional the practice of double celling inmates in 'A-Block' as barbaric, cruel and unusual punishment in violation of the Eighth Amendment; and (4) Issue an injunction declaring that inmates over the age of sixty[-]five (65) with medical problems should be housed in a single cell."

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official."  Butz v. Economou, 438 U.S. 478, 504 (1978).

(Doc. 1 at 3.)

Presently pending is Defendant's motion to dismiss and for summary judgment (Doc. 19). The motion is briefed and ripe for consideration. For the reasons that follow, the motion to dismiss will be denied, but the motion for summary judgment granted.

**II.**     **Discussion**

    **A.**     **Motion to Dismiss**

In rendering a decision on a motion to dismiss, the Court must accept the plaintiff's allegations as true. White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). A motion to dismiss may not be granted if "under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)(citation omitted). It is also well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Since Defendant's motion goes beyond the facts set forth in the complaint and relies upon supplemental documentation submitted with the brief in support of the motion, the motion to dismiss will be denied and the motion considered on summary judgment.

    **B.**     **Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings.  Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).  When addressing a summary judgment motion, the Court's inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52 (emphasis added).

### C.    Exhaustion Requirement

Plaintiff claims that he is "being 'double-bunked' in a cell originally designed to house one inmate. . . ." (Doc. 1 at 1.)  He contends that he is forced to spend most of his time in the cell which is unfit for "two man living". Id.   Defendant moves for summary judgment on the basis that Plaintiff has failed to exhaust his administrative remedies thereby entitling Defendant to summary judgment. Although Plaintiff alleges on the face of his complaint that exhaustion of the administrative grievance procedure is not "relevant in this type of proceeding" (Doc. 1 at 1), his assertion is wholly without merit.

With respect to the exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as

follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "This provision makes no distinction between an action for damages, injunctive relief, or both. The exhaustion requirement is mandatory, whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action." Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000). Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law. Fortes v. Harding, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998).

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10 - 542.19. First, inmates shall informally present their complaints to the unit team, and the unit team shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy. Id. at 542.13(a). If an inmate is unable to informally resolve his complaint, he may file a formal written complaint, on the appropriate form, to the warden of the institution where the inmate is confined. Id. at § 542.14. If an inmate is not satisfied with the warden's response, the response may be appealed (on the appropriate form) to the Regional Director. Id. at § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office). Id.

In the complaint, Plaintiff acknowledges that there is a prisoner grievance procedure in place, and he concedes that he has not availed himself of that procedure. (Doc. 1 at 1.) A review of the

record confirms that Plaintiff had not filed any grievances as of November 15, 2005, and therefore has failed to exhaust his available administrative remedies with regard to the claims raised in the complaint. (Doc. 20, Exs. at 15.)  Defendant has filed a statement of material facts not in dispute (Doc. 21), which are uncontested by Plaintiff.[2]  In support of the material facts, Defendant has submitted supplemental documents in support of the pending motion which incorporate his declaration submitted under penalty of perjury.  (Doc. 20, Ex. D.)  Defendant states that during Plaintiff's incarceration at Lewisburg he has neither submitted any administrative remedies to Defendant, nor has he brought to Defendant's attention any concerns he has related to placement in a cell with another inmate.  (Id., ¶ 4; Doc. 21, ¶ 15.)  Plaintiff has failed to present any evidence that he has exhausted his administrative remedies to overcome the documents submitted by Defendant in support of his motion for summary judgment.  As such, the Court concludes that Plaintiff has failed to exhaust his administrative remedies on the issue raised in the instant complaint.  The complete administrative procedure was available to Plaintiff, and he did not fully avail himself of that process.  The procedure contemplates several tiers of review, and the grievance system is not exhausted when an inmate fails to take timely action through established channels to a conclusion.  Plaintiff's failure to comply with established procedures warrants summary judgment.  An appropriate Order follows.

---

[2]  Pursuant to M.D. Pa. Local Rule 56.1, "[a] motion for summary judgment . . . shall be accompanied by a . . . statement of material facts . . . The papers opposing a motion for summary judgment shall include a separate . . . statement of [material facts] responding to [movant's statement of material facts]. . . All material facts set forth in [movant's statement of facts] will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. Accordingly, Defendant's statement of material facts will be deemed admitted by Plaintiff.

**III.** **<u>Order</u>**

**AND NOW, THEREFORE, THIS  23rd  DAY OF MAY, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant's motion for summary judgment (Doc. 19) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.

3. The Clerk of Court is directed to close this case.

4. Any appeal from this Order shall be deemed frivolous, without probable cause, and not taken in good faith.

       ___s/ Yvette Kane_____
       YVETTE KANE
       United States District Judge